UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
:
POLAR AIR CARGO WORLDWIDE, INC.,      :
:
                        Plaintiff,      :    Case No. 07-CV-7327 (WCC)
:
       - against -      :
:
AIR LINE PILOTS ASSOCIATION      :
INTERNATIONAL and POLAR AIR CARGO,      :
INC. MASTER EXECUTIVE COUNCIL,      :
:
                      Defendants.      :
:
------------------------------------------------------------------x

## ANSWER

       Defendants the Air Line Pilots Association, International ("ALPA") and the Polar Air Cargo, Inc. Master Executive Council (the "Polar MEC") (collectively, the "Defendants") by their undersigned counsel answer the numbered paragraphs of the Complaint as follows:

       1.    Aver that paragraph 1 sets forth a description of Plaintiff's claims that requires no response; to the extent a response is required, admit the allegation in the first sentence of paragraph 1 that ALPA is the collective bargaining representative of all pilots and flight engineers (flight deck crewmembers) employed by Polar Air Cargo Worldwide, Inc. ("Polar"); deny the allegation in the first sentence of paragraph 1 that the Polar MEC is the collective bargaining representative of flight deck "crewmembers" employed by Polar; admit the allegation in the first sentence of paragraph 1 that the collective bargaining agreement (the "CBA") between ALPA and Polar provides for a grievance and arbitration procedure for resolving disputes; aver that the second sentence of paragraph 1 states a legal conclusion to

- 2 -

which no response is necessary, and to the extent a response is required, deny the allegations of the second sentence of paragraph 1.

2. Aver that paragraph 2 states a legal conclusion to which no response is necessary; to the extent a response is required, deny the allegations of paragraph 2.

3. Defendants raise no objection to venue and otherwise deny the allegations of paragraph 3 of the Complaint.

4. Admit the allegations in the first and second sentences of paragraph 4 that Polar is an air carrier and that Polar maintains offices in Purchase, New York, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 4; admit the allegation of the third sentence of paragraph 1 that Polar is an airline engaged in the "carriage by air of freight in domestic, overseas and foreign commerce;" aver that the fourth sentence of paragraph 4 states a legal conclusion to which no response is necessary and to the extent a response is required, deny the allegations of the fourth sentence of paragraph 4.

5. Admit the allegation in the first sentence of paragraph 5 that ALPA is an unincorporated association organized for the purposes and objectives of a labor organization and that ALPA maintains offices in Washington D.C.; admit the allegation in the second sentence of paragraph 5 that the Polar MEC maintains an office in Sunny Isles Beach, Florida, and otherwise deny the allegations of the second sentence of paragraph 5; aver that the third sentence of paragraph 5 states a conclusion of law to which no response is necessary, and to the extent a response is required, deny the allegations of the third sentence of paragraph 5, except admit that ALPA is the collective bargaining representative of pilots and flight engineers employed by Polar; deny the allegations of the fourth sentence of paragraph 5.

      6.      Deny the allegations of paragraph 6, except admit the allegation of the first sentence of paragraph 6 that ALPA and Polar are parties to the CBA and admit the allegation of the second sentence of paragraph 6 that ALPA and Polar are parties to side letters of agreement to the CBA, including the "Return to Work Agreement" and the agreement titled "System Board of Adjustment."

      7.      Aver that paragraph 7 purports to quote a portion of 45 U.S.C. §152, First, and that no response is necessary; to the extent a response is required, respectfully refer the Court to the statute referenced in paragraph 7 for the contents thereof and deny the allegations of paragraph 7 inconsistent therewith.

      8.      Aver that paragraph 8 states a legal conclusion and purports to quote portions of 45 U.S.C. §§153, 184, and that no response is necessary; to the extent a response is required, respectfully refer the Court to the statutes referenced in paragraph 8 for the contents thereof and deny the allegations of paragraph 8 inconsistent therewith.

      9.      Admit the allegation in the first sentence of paragraph 9 that the CBA between ALPA and Polar establishes a System Board of Adjustment (the "System Board") as an arbitration tribunal to resolve grievances; admit that a copy of Section 21 of the CBA is attached as Exhibit A to the Complaint; respectfully refer the Court to Exhibit A for its contents and deny the allegations of paragraph 9 inconsistent therewith.

      10.      Admit that Exhibit B to the Complaint is a copy of an agreement between ALPA and Polar titled "System Board Protocol" and that Exhibit C to the Complaint is a copy of an agreement between ALPA and Polar titled "System Board of Adjustment;" respectfully refer the Court to Exhibits A and B for the contents thereof and deny the allegations of the first six

sentences of paragraph 10 inconsistent therewith; deny the allegation in the last sentence of paragraph 10.

   11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first two sentences of paragraph 11; deny the allegations of the third sentence of paragraph 3, except admit that in November 2004, Atlas Air Worldwide Holdings, Inc. ("AAWH") notified ALPA, the Polar MEC and the Atlas Air, Inc. ("Atlas") MEC that it "directed management to take the necessary steps to integrate the crewmember seniority lists of Atlas and Polar."

   12. Deny the allegations of paragraph 12, except admit that Exhibit D to the Complaint is a copy of Section 1 of the CBA between ALPA and Polar; respectfully refer the Court to Exhibits D and E to the Complaint for their contents and deny the allegations of paragraph 12 inconsistent therewith.

   13. Deny the allegations of paragraph 13, except admit the second sentence of paragraph 13 to the extent that it alleges that Arbitrator Robert O. Harris issued an arbitration award on November 21, 2006 regarding the seniority integration of flight deck crewmembers employed by Polar and Atlas.

   14. Deny the allegations of the first and second sentences of paragraph 14; respectfully refer the Court to the documents referenced in the third sentence of paragraph 14 for the contents thereof and deny the allegations of the third sentence of paragraph 14 inconsistent therewith, except admit that Polar and Atlas have stated they would consider a merger protocol agreement; admit the allegation in the fourth sentence of paragraph 14 that on August 1, 2007, Polar, Atlas and Polar Air Cargo, Inc., submitted a proposal titled "Merger Protocol Agreement"

to ALPA, and the Polar and Atlas MECs and otherwise deny the allegations of the fourth sentence of paragraph 14; deny the allegations of the fifth sentence of paragraph 14.

15. Deny the allegation in the first sentence of paragraph 15 that Defendants refused "to comply with their contractual obligations to commence negotiations for a [single collective bargaining agreement];" admit the allegation in the first sentence of paragraph 15 that Polar filed a grievance against ALPA on July 10, 2007; admit that Exhibit F to the Complaint is a copy of the July 10, 2007 Polar grievance and respectfully refer the Court to Exhibit F for its contents and deny the allegations of paragraph 15 inconsistent therewith.

16. Respectfully refer the Court to the document referenced in the first sentence of paragraph 16 for the contents thereof and deny the allegations of paragraph 16 inconsistent therewith; deny the allegations in the second sentence of paragraph 16, except admit that the Chairman of the Atlas MEC signed a document titled "Merger Protocol Agreement" dated August 1, 2007.

17. Admit that Exhibit G to the Complaint is a copy of a letter dated August 2, 2007 from Capt. John Prater to James R. Cato; respectfully refer the Court to Exhibit G for its contents and deny the allegations of the first three sentences of paragraph 17 inconsistent therewith; admit the allegation in the fourth sentence of paragraph 17 that there are over 100 grievances pending that were filed by ALPA against Polar but deny that Defendants are responsible for not scheduling hearings for those grievances; deny the allegations of the fifth and sixth sentences of paragraph 17.

18. Deny the allegations of the first sentence of paragraph 18 of the Complaint; respectfully refer the Court to the documents referenced in the second, third and

fourth sentences of paragraph 18 for the contents thereof and deny the allegations of those sentences to the extent inconsistent therewith.

19. Deny the allegations of paragraph 19.

20. Respectfully refer the Court to the documents referenced in paragraph 20 for the contents thereof and deny the allegations of paragraph 20 inconsistent therewith.

21. Respectfully refer the Court to the document referenced in the first sentence of paragraph 20 for the contents thereof and deny the allegations of the first sentence of paragraph 20 inconsistent therewith; admit the allegation in the second sentence of paragraph 20 that Plaintiff states that it disagrees with Defendants' interpretation of the CBA.

22. Deny the allegations of paragraph 22.

23. Respectfully refer the Court to the document referenced in paragraph 23 for the contents thereof and deny the allegations of paragraph 23 inconsistent therewith; admit that Exhibit H to the Complaint is a copy of an e-mail from Robert Siegel to Everett Barber.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the first four sentences of paragraph 24; admit that Exhibit I to the Complaint is a copy of an e-mail from Robert Siegel to Everett Barber; respectfully refer the Court to Exhibit I for its contents and deny the allegations of the fifth and sixth sentences of paragraph 24 inconsistent therewith.

25. Respectfully refer the Court to the document referenced in paragraph 25 for the contents thereof and deny the allegations of paragraph 25 inconsistent therewith; admit that Exhibit J to the Complaint is a copy of an e-mail dated August 9, 2007 from Robert Siegel to Arbitrator Frederick R. Horowitz.

26. Respectfully refer the Court to the document referenced in paragraph 26 for the contents thereof and deny the allegations of paragraph 26 inconsistent therewith; admit that Exhibit K to the Complaint is a copy of an e-mail dated August 10, 2007 from Everett Barber to Robert Siegel and Arbitrator Frederick R. Horowitz, and an e-mail dated August 9, 2007 from Robert Siegel to Arbitrator Frederick R. Horowitz.

27. Respectfully refer the Court to the document referenced in paragraph 27 for the contents thereof and deny the allegations of paragraph 27 inconsistent therewith; admit that Exhibit L to the Complaint is a copy of an e-mail dated August 10, 2007 from Robert Siegel to Everett Barber.

28. Respectfully refer the Court to the document referenced in paragraph 28 for the contents thereof and deny the allegations of paragraph 28 inconsistent therewith; admit that Exhibit L to the Complaint is a copy of an e-mail dated August 10, 2007 from Arbitrator Frederick R. Horowitz to Robert Siegel and Everett Barber, and an e-mail dated August 10, 2007 from Robert Siegel to Arbitrator Frederick R. Horowitz.

29. Respectfully refer the Court to the document referenced in paragraph 29 for the contents thereof and deny the allegations of paragraph 29 inconsistent therewith; admit that Exhibit N to the Complaint is a copy of an e-mail dated August 10, 2007 from Robert Siegel to Arbitrator Frederick R. Horowitz and Everett Barber, and a copy of an e-mail dated August 10, 2007 from Arbitrator Frederick R. Horowitz to Robert Siegel and Everett Barber.

30. Respectfully refer the Court to the document referenced in paragraph 30 for the contents thereof and deny the allegations of paragraph 30 inconsistent therewith; admit that Exhibit O to the Complaint is a copy of an e-mail dated August 13, 2007 from Robert Siegel to Everett Barber, and an e-mail dated August 13, 2007 from Everett Barber to Robert Siegel.

31. Respectfully refer the Court to the document referenced in paragraph 31 for the contents thereof and deny the allegations of paragraph 31 inconsistent therewith; admit that Exhibit P to the Complaint is a copy of an August 15, 2007 e-mail from Arbitrator Frederick R. Horowitz to Robert Siegel and Everett Barber, an e-mail dated August 13, 2007 from Robert Siegel to Everett Barber, and an e-mail dated August 13, 2007 from Everett Barber to Robert Siegel.

32. Repeat and incorporate by reference each and every response to the allegations set forth in paragraphs 1-31 of the Complaint.

33. Aver that the first and last sentences of paragraph 33 state legal conclusions to which no response is required, and to the extent a response is required, deny the allegations of the first and last sentences paragraph 33; respectfully refer the Court to the document referenced in the second sentence of paragraph 33 for the contents thereof and deny the allegations of the second sentence of paragraph 33 inconsistent therewith; deny knowledge or information sufficient to form a belief as to the truth of the allegations of the fourth sentence of paragraph 33.

34. Aver that paragraph 34 states a legal conclusion to which no response is required; to the extent a response is required, deny the allegations of paragraph 34.

35. Aver that paragraph 35 states a legal conclusion to which no response is required; to the extent a response is required, deny the allegations of paragraph 35.

36. Aver that paragraph 36 states a demand for relief and that no response is necessary; to the extent a response is required, deny the allegations of paragraph 36.

### **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim on which relief may be granted.

    2.    Plaintiff's claims are barred by the doctrines of laches, waiver, bar, estoppel, and/or unclean hands.

    3.    Plaintiff's claims are barred by the applicable statute of limitations.

    4.    Defendants reserve the right to raise other affirmative and other defenses that may subsequently become or appear applicable to some or all of Plaintiff's claims.

WHEREFORE, having fully answered the Complaint, Defendants respectfully request that the Court dismiss this matter in its entirety, award Defendants their attorneys' fees and costs, deny Plaintiff any relief whatever, and award Defendants such other and further relief as the Court deems appropriate.

Dated: September 6, 2007

Respectfully submitted,

/s/ James L. Linsey
James L. Linsey (JL 5546)
Eyad Asad (EA 5009)
Cohen, Weiss and Simon LLP
330 West 42d Street
New York, New York 10036
Telephone: (212) 563-4100
Facsimile: (212) 695-5436

Counsel for Defendants

## CERTIFICATE OF SERVICE

      I, Eyad Asad, hereby certify that on this 6th day of September, 2007, I caused to be served the Answer of Defendants Air Line Pilots Association, International, and Polar Air Cargo, Inc. Master Executive Council by regular first class mail upon:

Jeffrey I. Kohn
O'Melveny & Myers LLP
7 Times Square
New York, NY 10036

      /s/ Eyad Asad
      Eyad Asad